NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted January 22, 2009[*]
Decided February 12, 2009

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-2242

| | |
|---|---|
| ANGEL MAYAN, | Appeal from the United States District Court |
| *Plaintiff-Appellant*, | for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 06-C-113 |
| | |
| ROB WEED, et al., | J.P. Stadtmueller, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Angel Mayán, a Wisconsin inmate proceeding pro se, appeals the grant of summary judgment against him in this civil rights lawsuit claiming denial of medical care for his

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

mental illness.  Because Mayán has failed to show a genuine issue of material fact that defendants were deliberately indifferent to his medical needs, we affirm.

When Mayán entered the Brown County Jail as a pretrial detainee in August 2004, he informed jail staff during intake that he had been under psychiatric care and was taking Klonapin and Xanax for panic attacks and anxiety.  But when prison staff called his former doctor, they learned that Mayán had no prescription on file.[1]  Mayán also reported physical complaints, such as shortness of breath and a sexually transmitted disease.

During his detention, Mayán was treated for shoulder pain, stomach pain, mouth sores, gonorrhea, and chlamydia.  When Mayán had any medical concerns, he could talk to Nurse Norb Wendricks, the nurse assigned to make daily rounds and dispense medication in Mayán's cell block, or make a written request for treatment to the Health Services Unit.

The record does not reflect that Mayán requested treatment for panic attacks or anxiety until June 2005.  At that time, Nurse Wendricks called Mayán's former psychiatrist and learned that Mayán's last appointment had been in January 2004 and that his file was closed.  His most recent prescription had expired more than two months earlier.

In an unrefuted affidavit, Nurse Wendricks detailed the ways that he responded to Mayán's medical requests.  He saw Mayán on a daily basis while making rounds and evaluated him after he requested treatment for anxiety, but he saw no objective need for medication.  According to the jail's head nurse, because medications like Xanax and Klonapin are often abused or sold to other inmates, it is inadvisable to prescribe such medication without clear, objective evidence that it is needed.  Wendricks asserted that on his daily rounds he saw Mayán "interact in a normal social manner with other inmates." Wendricks said that Mayán did not act as if he had anxiety requiring medication, and he based this conclusion on their prior interactions, his review of Mayán's medical records, and information from other jail nurses who also had seen Mayán.  Wendricks said he would have asked a doctor to examine Mayán had he seen objective evidence that Mayán's condition was sufficiently serious.

Mayán requested mental health treatment three more times in August 2005, but medical staff continued to deny his requests for medication, in part because Mayán had been off medication for more than a year at that time.  At one point, they gave him a self-help book with information about anxiety.  Soon thereafter Mayán also filed a grievance

---

[1]The record does not reflect who called the doctor or when the call was made, but it is undisputed that Mayán had no active prescription when he entered the jail.

with the First Shift Lieutenant complaining that he was not getting any medical help; that grievance in turn was passed to the Health Services Unit, which instructed him to use the correct form to request medical treatment. Mayán left the Brown County Jail in September 2005 and now is imprisoned at the Waupun Correctional Institute.

Mayán filed this lawsuit under 42 U.S.C. § 1983 charging the defendants with deliberate indifference. He claimed that the three nurses denied his requests to see a doctor; that jail supervisors ignored his complaints; and that Brown County, the operator of the jail, "stonewalled" his requests for professional care. Before any discovery began, however, the district court dismissed Brown County from the suit because Mayán had not alleged any unconstitutional policies or customs. (Mayán does not contest this ruling on appeal.) After discovery the court granted summary judgment for the remaining defendants, determining that no reasonable juror could find that any defendant was deliberately indifferent to Mayán's medical needs. According to the court, Mayán produced no facts to show "that the defendants' failure to prescribe him the medication that he wanted for his mental illness was anything more than a disagreement over the course of treatment." In light of this ruling, the court did not reach the question whether Mayán's medical need was serious. The court subsequently denied Mayán's Rule 59(e) motion.

On appeal Mayán contests the district court's conclusion that his lawsuit is a mere disagreement over a course of treatment. He says that because he did not see a doctor, he never received treatment with which he could disagree.

We review the grant of summary judgment de novo and construe all facts in Mayán's favor. *See Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Summary judgment is appropriate when there is no genuine issue of material fact and the prison staff, the moving party, is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Jackson*, 541 F.3d at 697.

Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. *See Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007). We evaluate claims of inadequate medical care under the Fourteenth Amendment using the same standard for deliberate indifference that we would for an Eighth-Amendment claim. *Id.* To succeed on his claim, a pretrial detainee such as Mayán must prove that he had a serious medical need and that the defendants were deliberately indifferent to the need. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Deliberate indifference is a high standard requiring Mayán to prove that the defendants were aware of facts from which a substantial risk of serious harm could be inferred and that they actually drew that inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1996); *Hayes*, 546 F.3d at 522. "[I]t is important to emphasize that medical malpractice, negligence, or even gross

negligence does not equate to deliberate indifference." *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). Mere dissatisfaction or disagreement with a course of treatment is generally insufficient; we will defer to a medical professional's treatment decision unless "no minimally competent professional would have so responded under those circumstances." *Jackson*, 541 F.3d at 697-98 (internal quotation marks omitted).

Mayán's contention that he received no treatment for his anxiety is unfounded. Once he sought help in June 2005, Nurse Wendricks, who saw Mayán daily and was available to address any of Mayán's medical concerns, called Mayán's former doctor to determine what anxiety medications he was taking before being incarcerated. When he learned that Mayán had not had an active prescription for months, Wendricks reviewed Mayán's records, examined him, and found no objective need for medication such as Xanax or Klonapin. He then developed a treatment plan that, in his professional view, did not require that a doctor evaluate Mayán to determine any need for medication. Mayán may disagree with that assessment of his condition, but he has not shown that Wendricks or any of the jail officers acted with a sufficient culpable state of mind to deprive him of adequate medical treatment. *See Youngberg v. Romero*, 457 U.S. 307, 323 & n. 30 (1982); *Williams-El v. Johnson*, 872 F.2d 224, 230-31 (8th Cir. 1989). Moreover, Mayán introduced no evidence (e.g. detailing the occurrence, frequency, or severity of any anxiety-related attacks) that would have put the defendants on any kind of notice that he was experiencing a serious episode that necessitated medication or examination by a doctor. *See Sain v. Wood*, 512 F.3d 886, 894-96 (7th Cir. 2008); *Boyce v. Moore*, 314 F.3d 884, 890 (7th Cir. 2002); *Sanville v. McCaughtry*, 266 F.3d 724, 734-37 (7th Cir. 2001).[1]

---

[1]We note that Mayán had difficulty during discovery obtaining his medical records from the jail. The defendants had offered to make the documents available at their lawyers' office (obviously a problem for an incarcerated plaintiff) or to copy them at 25 cents per page (similarly problematic for a plaintiff proceeding in forma pauperis under 28 U.S.C. § 1915(a)). In denying Mayán's repeated motions to compel, the district court first noted that Mayán had not attempted to resolve the issue with the defendants and, later, considered the defendants' response to be reasonable. Although Mayán did not appeal the issue, we sympathize with the difficulty that incarcerated pro se litigants face when trying to obtain documents and urge district courts to guide such litigants through the discovery options available to them.

Mayán also argues at length that the medical staff committed malpractice in his treatment. As noted earlier, however, medical malpractice alone does not violate the Eighth Amendment. *See, e.g., Duckworth v. Ahmad*, 532 F.3d 675, 679, 681 (7th Cir. 2008).

Finally, we do not address the other issues Mayán included in his Notice of Appeal because he did not argue them in his brief. *See Powers v. Richards*, 549 F.3d 505, 512-13 (7th Cir. 2008).

AFFIRMED.